PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:    (559) 497-4000
Facsimile:    (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JOSE MANUAL GONZALEZ MERCADO,<br><br>                              Defendants. | CASE NO.  1:21-CR-00116-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: October 19, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on October 19, 2022, which the parties stipulate to continue to January 13, 2023, for a change of plea hearing for the reasons set forth below.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

2

1  for the change of plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3  **STIPULATION**

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1. By previous order, this matter was set for status on October 19, 2022.

7  2. By this stipulation, the parties now move to vacate and continue the status conference

8  date for a change of plea until January 13, 2023, and to exclude time between October 19, 2022, and

9  January 13, 2023, at 9:00 a.m. before District Judge Jennifer L. Thurston under 18 U.S.C.

10  § 3161(h)(7)(A), B(iv) [Local Code T4].

11  3. The parties agree and stipulate, and request that the Court find the following:

12  a) On October 14 , 2022, the parties entered into and filed a Memorandum of Plea

13  Agreement. Dkt. 40. For that reason, the parties agree that a continuance until January 13, 2023,

14  is warranted for a change of plea. Prior to filing this stipulation, the parties conferred with the

15  courtroom deputy for the assigned district court judge, who indicated this date is available for a

16  change of plea.

17  b) The parties stipulate that the period of time from October 19, 2022, through

18  January 13, 2023, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and

19  3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at

20  defendants' request on the basis of the Court's finding that the ends of justice served by taking

21  such action outweigh the best interest of the public and the defendant in a speedy trial.

22  \\

23

24  \\

25

26  \\

27

28

Cal. March 18, 2020).

\\

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  October 14, 2022                                PHILLIP A. TALBERT
                                                        United States Attorney


                                                        /s/ STEPHANIE M. STOKMAN
                                                        STEPHANIE M. STOKMAN
                                                        Assistant United States Attorney

                                                        /s/ PATRICK AGUIRRE
Dated:  October 14, 2022
                                                        PATRICK AGUIRRE
                                                        Counsel for Defendant
                                                        Jose Manual Gonzalez Mercado




**ORDER**

IT IS SO ORDERED.


DATED:   10/17/2022                        _Sheila K. Oberto_
                                           THE HONORABLE SHEILA K. OBERTO
                                           UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT