UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00116-1 JLT SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| JOSE MANUEL GONZALEZ MERCADO[1], | (Doc. 61) |
| Defendant. | |

Jose Manuel Gonzalez Mercado is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 61.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he was assigned two criminal history points, no status points, and received an adjustment under U.S.S.G. § 3B1.1(c). (Doc. 64.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

I.   **Background**

On January 13, 2023, pursuant to a written plea agreement, Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21

---

[1] The Court refers to Defendant as it appears in the indictment and presentence investigation report. (Docs. 11, 46.) The criminal complaint refers to Defendant as "Jose Manuel Gonzalez-Mercado," (Doc. 1), and the plea agreement refers to, and is signed under the name of, "Manuel Mercado." (Doc. 40.) In the instant motion, Defendant refers to himself as "Jose M. Gonzales." (Doc. 61.)

1

U.S.C. §§ 846, 841(a)(1). (Docs. 40, 43.) Following Defendant's guilty plea, a "Presentence Investigation Report" ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 37. (*See* Doc. 46, PSR ¶ 30.) This included a two-level upward adjustment under U.S.S.G. § 3B1.1(c) for Defendant's role in directing at least two individuals to transport drugs. (PSR ¶ 24.) Defendant was assigned two criminal history points for his prior criminal convictions. (PSR ¶ 43.) This resulted in a criminal history score of 2, which placed Defendant in criminal history category II, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 44-45.) Defendant was not assigned status points under the prior U.S.S.G. § 4A1.1(d). Based on Defendant's offense level and criminal history category, the advisory guideline imprisonment range was 235 to 293 months. (PSR ¶ 71.) Defendant was subject to a 10-year statutory mandatory minimum term of imprisonment. (PSR ¶ 70.)

The Court held a sentencing hearing on May 22, 2023. (Doc. 59.) The Court adopted the findings in the PSR without change, (Statement of Reasons ("SOR") at 1) and departed downward for the reasons stated in Section V of the Statement of Reasons. (SOR at 2.) Defendant was sentenced to 200 months in custody. (Doc. 59; Doc. 60 at 2.)

## II.      Analysis

Amendment 821 consists of two parts. Part A reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. Part B provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet each of the following:

1. *the defendant did not receive any criminal history points from Chapter Four, Part A;*
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;

6. the defendant did not personally cause substantial financial hardship;

7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. *the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)* and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphases added).

Defendant does not specify under which provision(s) of Amendment 821 he seeks a sentence reduction. In any event, neither Part A nor Part B apply. As explained above, Defendant was assigned two criminal history points and received a two-level adjustment under U.S.S.G. § 3B1.1(c). Thus, he fails to meet the criteria set forth in § 4C1.1(a)(1) or (10) and does not qualify for a zero-point offender reduction under Part B. Additionally, as the Government correctly notes, Part A does not apply to Defendant "because he did not receive any status points in the first instance." (Doc. 64 at 4, citing PSR ¶¶ 43-45.) Consequently, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

**III.   Conclusion**

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 61), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 21, 2024**

UNITED STATES DISTRICT JUDGE

3